IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY GIBSON, | : |
| | : 1:10-cv-1041 |
| Petitioner, | : |
| | : Hon. John E. Jones III |
| v. | : |
| | : Hon. Martin C. Carlson |
| CHIEF JUDGE SCIRICA, *et al.*, | : |
| | : |
| Respondents. | : |

# MEMORANDUM

## May 26, 2010

### THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc.4), filed on May 21, 2010 which recommends that we dismiss the instant matter, which was self-styled by Petitioner Jeffrey Gibson as an "extraordinary writ of habeas corpus." On May 24, 2010, Petitioner filed a document entitled "Motion to Judge Jones to Uphold the Untied States Constitution and Bill of Right [*sic*] . . ." (Doc. 6). This submission, although not styled as such, is essentially Petitioner's objections to the R&R. Accordingly, this matter is ripe for our review.

# I. PROCEDURAL AND FACTUAL BACKGROUND

Gibson, a *pro se* litigant, filed the instant "extraordinary writ of habeas corpus" (Doc. 1) on May 14, 2010. The writ names the Chief Judge of the United States Court of Appeals for the Third Circuit, and numerous other judicial officers as respondents. In his pleading, Gibson states that he seeks this writ by "invoking U.S. constitutional marshal status." In his prayer for relief, Gibson seeks a writ that will: (1) "order [him the] winner of all mattes stated in [a separate lawsuit which he has lost]" and (2) award him "11 million U.S. dollars for consecreate [*sic*]."

Gibson is a prolific *pro se* litigant, having filed 27 prior cases in federal court over the years.[1] The instant petition appears to stem from a 2009 civil action filed by Gibson docketed as *Gibson v. U.S. Judge Rambo*, No. 09-2348. Since a judge of this Court was named as a Defendant in the case, the matter was referred by Chief Judge Scirica of the United States Court of Appeals for the Third Circuit to the Honorable Gene Pratter, United States District Judge for the Eastern District of Pennsylvania. In this capacity, Judge Pratter entered a one-page order on April 22, 2010, dismissing Gibson's complaint as frivolous. Gibson filed a notice of appeal. However, apparently dissatisfied with the normal appellate process,

---

[1] Attached as Exhibit A to the R&R is a listing of Gibson's cases.

Gibson asks this Court to remedy, and reverse, this adverse ruling rendered by Judge Pratter through the issuance of an "extraordinary writ of habeas corpus."

## II. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III. DISCUSSION

Within the R&R, Magistrate Judge Carlson reviewed the petition under Rule 4 of the Rules Governing 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (1977) (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached

3

exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4.

As Magistrate Judge Carlson aptly notes, the petition is subject to dismissal on multiple grounds. First, the petition, styled as an "extraordinary" writ, is simply an attempt to avoid the appeal process in which Petitioner is already engaged. Since Gibson clearly has not exhausted his claims on direct appeal, the petition must be dismissed. Next, the relief sought by Gibson, the reversal of a judgment in a civil lawsuit and $11,000,000 in damages, is not of the type covered by the writ of habeas corpus. Finally, to the extent that Gibson's allegations include alleged misconduct by judicial officers, it is well-settled that these judicial officers are cloaked with immunity from liability.

Petitioner's objections provide us with no valid reason to disagree with Magistrate Judge Carlson's appropriate recommendation of dismissal in this matter. Accordingly, we shall adopt the R&R. An appropriate Order shall issue.